Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAVIER CABAN, JR.,

*Plaintiff,*

v.

CITY OF NEWARK, *et al*,

*Defendants.*

Civil Action No. 17-8230

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    This case arises from the arrest, detention, and commencement of a criminal prosecution against Plaintiff for the possession and distribution of a controlled dangerous substance. Following dismissal of the criminal charges and his release, Plaintiff instituted the present matter for violations of his rights. Defendants City of Newark ("Newark") and City of Newark Police Department ("Newark Police Department") (collectively "Defendants") now move to dismiss Plaintiff Javier Caban's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 3. Plaintiff submitted a brief in opposition, D.E. 18, to which Defendants replied. D.E. 19.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion is **GRANTED**.

---

[1] In this Opinion, Defendants' motion to dismiss (D.E. 3) will be referred to as "Def. Brf." Plaintiff's brief in opposition (D.E. 18) will be referred to as "Pl. Opp." Defendants' reply brief (D.E. 19) will be referred to as "Def. Rep."

## I. BACKGROUND

Plaintiff is a New Jersey resident. Complaint ("Compl.") at 1. Defendants are Newark; the Newark Police Department; Newark Police Officers Samuel Souto, Jr., A. Colon, and M. Ruane-Dadge; and John and Jane Does (1-100). *Id.* Only Newark and the Newark Police Department bring the current motion.

This case arises from the Newark Police Department's arrest of Plaintiff on March 20, 2015. *Id.* ¶ 1. The arrest arose from a narcotics investigation. *Id.* ¶ 2. During the investigation, Newark police officers had a confidential informant "execute controlled purchases of narcotics from an individual described as a young Black male, 5'7" in height and weighing[sic] who lived at 944 South 20th Street, Newark, New Jersey." *Id.* After the controlled purchases took place, the officers obtained and executed a search warrant for 944 South 20th Street. *Id.* ¶ 3. During the search, the officers found "a quantity of narcotics." *Id.*

The officers then obtained and executed an arrest warrant "for Plaintiff Javier J. Caban[,] a Hispanic individual who is 5'1" in height and 130 pounds who they incorrectly asserted lived at 944 South 20th Street[.]" *Id.* ¶ 4. Plaintiff was incarcerated, and because he could not post bail, spent twenty-two days in the Essex County Correctional Facility. *Id.* ¶ 5. Plaintiff was released in April 2015.

On June 20, 2017, Plaintiff obtained the police reports concerning the search of 944 South 20th Street and his subsequent arrest. *Id.* ¶ 6. After reviewing the reports, Plaintiff discovered that "he was not the person whom was the subject of the controlled purchases that formed the probable cause for the search warrant and that the arrest warrant contained false information as to his physical description and his current address." *Id.* Plaintiff states that he was falsely arrested. *Id.* Plaintiff also believes that Defendants filed criminal charges against him, despite knowing that

the facts underlying the charges against him were false. *Id.* ¶ 7. As a result, Plaintiff claims he suffered psychological, emotional, and financial harm. *Id.* ¶ 8.

On June 6, 2017, Plaintiff filed a Complaint against Defendants in the Superior Court of New Jersey. D.E. 1. The Complaint alleges seven counts: violations of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2(c) (Count One); violations of 42 U.S.C. § 1983 (Count Two); violations of the New Jersey Tort Claims Act ("TCA") (Counts Three and Five through Seven); and *Monell* claims against the City of Newark (Count Four).

Defendants Newark and the Newark Police Department removed the case to federal court on October 13, 2017. D.E. 1. Thereafter, on October 27, 2017, Defendants filed the current motion.

## II.  **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. LAW & ANALYSIS

Defendants argue that Plaintiff's Complaint should be dismissed for several reasons. First, Defendants argue that Plaintiff cannot sue the Newark Police Department. Def. Brf. at 5. Second, Defendants argue that Plaintiff cannot hold Newark liable for punitive damages. *Id.* Third, Defendants argue that the entire Complaint is time-barred under the applicable statute of limitation doctrines.[2] *Id.* at 6-7. Finally, Defendants argue that the Complaint fails to plausibly plead any claim.

#### A. Claims Against the Newark Police Department

Defendants assert that the Complaint improperly alleges claims against the Newark Police Department. Defendants argue that since police departments are city subdivisions, not separate entities, they cannot be sued. Def. Brf. at 5. Plaintiff concedes this argument, as long as Defendants document that the "Newark Police Department is a subdivision." Pl. Opp. at 4.

---

[2] "A statute of limitations defense may be raised by motion under Rule 12(b)(6) if the limitations bar is apparent on the face of the complaint." *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 349 (D.N.J. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

4

The Court agrees with Defendants. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (finding that in "Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity") (internal quotation omitted); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability."); *Castoran v. Pollak*, No. CV 14-2531, 2017 WL 4805202, at *7 (D.N.J. Oct. 25, 2017) (finding in a Section 1983, NJCRA, and TCA action that "[b]ecause the [Northfield Police] Department is not an entity separate from the municipality it cannot be sued in conjunction with the municipality, irrespective of the nature of the plaintiff's claims) (internal quotation omitted); *Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006) (finding that "[i]n New Jersey a municipal police department is not an entity separate from the municipality; therefore, the Camden Police Department is not a proper defendant in this action") (internal citation omitted). Consequently, the claims against the Newark Police Department are dismissed with prejudice.

### B. Claims for Punitive Damages Against Newark

Defendants next argue that Newark cannot be held liable for punitive damages as a matter of law under the TCA, Section 1983, or the NJCRA. Def. Brf. at 5. Plaintiff "acknowledges the general rule of municipal immunity from punitive damages" but argues that dismissing damages at this stage is premature. Pl. Opp. at 4. In support, Plaintiff asserts that the United States Supreme Court in *City of Newport v. Fact Concerts, Inc.* found, in dicta, that municipalities may be held liable for punitive damages when an outrageous abuse of a constitutional right occurs. 453 U.S. 247, 271 (1981)

Here, the Court agrees with Defendants. The Supreme Court's holding in the *City of Newport* is controlling. *Id.* (holding that "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials"). Further, caselaw within this district illustrates that a municipality cannot be held liable for punitive damages under Section 1983, the TCA, or the NJCRA. *Vandegrift v. Bowen*, No. CIV.A 07-2623, 2009 WL 1913412, at *6 (D.N.J. June 30, 2009) (holding that punitive damages are not available against a municipality under the NJCRA); *Joyce v. City of Sea Isle City*, No. CIV. 04-5345, 2008 WL 906266, at *25 (D.N.J. Mar. 31, 2008) ("Municipalities are immune from punitive damages on § 1983 and § 1985 claims."); *Mantz v. Chain*, 239 F. Supp. 2d 486, 508 (D.N.J. 2002) (finding that the "TCA expressly bars recovery of punitive damages against public entities"). Finally, to the extent that *City of Newport* created an exception to the general rule of municipal immunity for punitive damages, the Complaint's allegations do not suggest that an outrageous abuse of a constitutional right occurred here. *Cf. Ciraolo v. City of N.Y.*, 216 F.3d 236, 241 (2d Cir. 2000) (suggesting that an exception to immunity could occur if "a town adopted, by a unanimous vote, a referendum establishing an unconstitutional rule"). Therefore, the claims against Newark for punitive damages are dismissed without prejudice.

### C. Statute of Limitations

Defendants also argue that Plaintiff's entire Complaint is time-barred. Def. Brf. at 6. To that end, Defendants indicate that all claims have a two-year statute of limitations. *Id.* Because Plaintiff's claims arise out of his March 20, 2015 arrest, Defendants argue they are now time barred. Additionally, Defendants assert that if Plaintiff is arguing a malicious prosecution claim, the statute of limitations would have begun accruing when the charges were dismissed in April 2015. Thus, it would also be time barred according to Defendants. *Id.*

Plaintiff responds that while his arrest occurred in March 2015, he received copies of the full police reports in June 2015 and became aware that he had a claim against Defendants. Pl. Opp. at 4-5. Because the Complaint was filed on June 6, 2017, Plaintiff argues that it was filed it within two days of the statute of limitations period. *Id.* at 5. Defendants, however, assert the Supreme Court case of *Wallace v. Kate*, 549 U.S. 384, 391 (2007) explains that a statute of limitations clock begins running at the time of the arrest in a false arrest case. Def. Rep. at 1. Further, Defendants argue that equitable tolling does not apply here. *Id.* at 2.

Here, the Complaint asserts claims under Section 1983, the NJCRA, and the TCA. Each carries a two-year statute of limitations. *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (finding that "a section 1983 claim arising in New Jersey has a two-year statute of limitations"); *Aleynikov v. McSwain*, No. 15-1170, 2016 WL 3398581, at *4 (D.N.J. June 15, 2016) (finding that malicious prosecution claim arising in New Jersey is subject to a two-year statute of limitations); *Michaels v. State of N.J.*, 955 F. Supp. 315, 326 (D.N.J. 1996) (holding that "[b]ecause the City of Newark is a public entity within the meaning of the New Jersey Tort Claims Act . . . all of plaintiff's state law claims asserted against it, including plaintiff's malicious prosecution claim, are subject to the Act's two-year statute of limitations") (quoting N.J.S.A. 59:8–8(b)).

The parties appear to agree on this point. Pl. Opp. at 4-5. However, the parties disagree on when the statute of limitations began accruing. *Wallace* is instructive here. The Court in *Wallace* found that "a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397. A plaintiff claiming false arrest and false imprisonment becomes held pursuant to legal process "when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* Thus:

> the cause of action accrues even though the full extent of the injury
> is not then known or predictable . . . [w]ere it otherwise, the statute
> would begin to run only after a plaintiff became satisfied that he had
> been harmed enough, placing the supposed statute of repose in the
> sole hands of the party seeking relief.

*Id.* at 391. Therefore, the statute of limitations began to run when Plaintiff was detained pursuant to legal process in March 2015, not when he received the police reports months after his release in June 2015.

The Complaint is thus time-barred unless equitable tolling applies. "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Id.* at 396; *see Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 352 (D.N.J. 2015) (finding that equitable tolling did not apply because the plaintiff "knew of the circumstances of her arrest" and though she may not have known everything she now alleges, she "knew at the time of her arrest that the police allegedly lacked probable cause"). Here, the Complaint does not allege facts showing that equitable tolling should apply. Plaintiff knew that he was arrested in March 2015 and knew he was released, with the charges dropped, in April 2015. Although Plaintiff gained more knowledge of pertinent facts in June 2015, the circumstances alleged here do not appear to justify the application of this rare remedy. Nevertheless, the Court is not dismissing the Complaint on these grounds because it finds the next issue of plausibility dispositive. Plaintiff will have a chance to amend his Complaint, and if he chooses to do so, should address the issue of equitable tolling.

### D. Plausibility of the Pleadings

Defendants' final argument is that the Complaint does not plausibly plead any claim. Defendants argue that a lack of plausible pleading and Defendant Newark's immunity make each claim not viable. Def. Brf. at 7. In opposition, Plaintiff claims that he has complied with the

necessary notice statutes and "pled all the elements that he has available to support *prima facie* claims against the City of Newark in all Counts." Pl. Opp. at 5.

1. Counts Two and Four (*Monell* liability)

Count Two alleges that Newark, as well as the other Defendants, violated Plaintiff's civil rights under Section 1983 because Newark police officers physically attacked, falsely imprisoned, and used excessive force against Plaintiff, and then denied him medical care. Compl. at 4-5. Count Four alleges that Newark's policies and customs demonstrated a deliberate indifference to the harms that Plaintiff endured. *Id.* at 7-8. Because the only Defendant at issue here is Newark,[3] the Court will address Counts Two and Four together as both trigger questions of municipality liability.

While a municipality may be liable under Section 1983, it cannot be held liable under a theory of *respondeat superior*. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). "A municipality may only be held liable under Section 1983 if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Twp.*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). "In other words, the plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy, or acquiesced in the widespread custom, that caused the violation." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal citation omitted). "A plaintiff may show the existence of a *policy* when a decision-maker with final authority issues an official proclamation, policy, or edict." *Id.* (emphasis added) (internal quotations and citations omitted). "[A] *custom* may be established by showing that a given course of conduct, although not

---

[3] The Newark Police Department was dismissed with prejudice above. Opinion at 5. The individual officer Defendants have not answered or otherwise moved for dismissal in this matter.

9

specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (emphasis added) (internal quotations and citations omitted).

Concerning appropriate training, "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983."). "'Deliberate indifference' is a stringent standard, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . *Ordinarily, a pattern of similar constitutional violations by untrained employees is necessary* to demonstrate deliberate indifference for purposes of failure to train." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 223 (3d Cir. 2014) (emphasis added) (internal quotations, citations, and brackets omitted).[4]

Additionally, a plaintiff must show that the unlawful policy or custom was the proximate cause of the plaintiff's injuries. The United States Supreme Court has observed the following as to proximate cause:

> As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite

---

[4] "[I]n certain situations, the need for training can be said to be so obvious, that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights even without a pattern of constitutional violations." *Thomas*, 749 F.3d at 223 (internal quotations omitted) (citing *Canton*, 489 U.S. at 390 n.10). These "single-incident" failure to train cases are, however, rare. "Liability in single-incident cases depends on the likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights." *Thomas*, 749 F.3d at 223–24 (internal quotation, citation, and bracket omitted). Here, Plaintiff has not argued the "single-incident" theory of liability.

> degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997); *see also Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007); *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). A police department may have an otherwise adequate policy or practice, or an otherwise sufficient training program, but may nevertheless still fall constitutionally short if it fails to recognize the deficiencies of a particular officer. As noted, the department or its superiors are generally charged with notice of an individual officer's shortcomings based on the officer's "pattern of similar constitutional violations[.]" *Thomas*, 749 F.3d at 223.

Here, the Complaint fails to provide any plausible information about an alleged policy or custom that caused Plaintiff's false arrest or any other constitutional violation.[5] Instead, the Complaint alleges only that Newark was "was aware that harm similar to that suffered by the [P]laintiff had occurred on numerous previous occasions, but failed to respond accordingly." Compl. at 8. Conclusory recitations of the elements of a *Monell* claim, such as this, are insufficient. As a result, Counts Two and Four are dismissed without prejudice. *See, e.g., Benjamin v. E. Orange Police Dep't*, 937 F. Supp. 2d 582, 595 (D.N.J. 2013) (dismissing the claim against the city because the plaintiff failed to plead facts demonstrating the existence of a policy or custom).

2. Count One (the NJCRA)

Count One alleges violations of Plaintiff's civil rights under the New Jersey Constitution. Specifically, Plaintiff alleges that Newark, as well as other Defendants, violated Plaintiff's civil rights under the NJCRA because Plaintiff was denied life, liberty, and the pursuit of happiness;

---

[5] Indeed, Plaintiff fails to allege any facts regarding his claim of denial of medical care, physical attack, or excessive force and very few facts concerning his claims of false imprisonment and discriminatory treatment.

due process and equal protection of the law; and the right to bail. Again, the only Defendant at issue here is Newark.

The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. 10:6-2. The "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted); *see also Waselik v. Twp. of Sparta*, No. 16-4969, 2017 WL 2213148, at *8 n.15 (D.N.J. May 18, 2017). "Given their similarity, [New Jersey] courts apply § 1983 immunity doctrines to claims arising under the [NJ]CRA." *Small v. State*, No. A-4113-13T4, 2015 WL 1057840, at *6 (N.J. App. Div. Mar. 12, 2015).

Thus, the New Jersey Supreme Court has also found that "a municipality generally cannot be held liable in a § 1983 action for the acts of employees under the principle of *respondeat superior*." *Stomel v. City of Camden*, 192 N.J. 137, 145 (2007) (citing *Monell*, 436 U.S. at 694; *Loigman v. Twp. Comm. of Middletown,* 185 N.J. 566, 590 (2006)). Following the holding of *Monell*, a municipality may only be held liable when "an official municipal 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy,' is the cause of the constitutional deprivation." *Stomel*, 192 N.J. at 145 (quoting *Monell*, 436 U.S. at 694).

Here, as above, the Complaint fails to provide plausible allegations as to any alleged policy or custom that caused Plaintiff's false arrest or any other constitutional violation. Again, the Complaint alleges only that Newark was "was aware that harm similar to that suffered by the [P]laintiff had occurred on numerous previous occasions, but failed to respond accordingly." Compl. at 8. The Court again finds this conclusory recitation insufficient. As a result, Counts One is dismissed without prejudice.

3. Counts Three, Five, Six, and Seven (the TCA)

Although not entirely clear, it appears that Plaintiff alleges state tort claims in Counts Three and Five through Seven.[6] Counts Three and Five both allege that Newark was negligent in its hiring, training, and retention of individual officer Defendants. Compl. at 6-7; 9-10. Count Six alleges a state-tort claim for false arrest. *Id.* at 10-11. And Count Seven alleges a state-court claim for malicious prosecution. *Id.* at 11.

Defendants argue that the Complaint does not allege compliance with the notice requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, (the "TCA"), thus requiring dismissal of Counts Three and Five through Seven. Def. Br. at 12-13. In his opposition brief, Plaintiff claims that he complied with the notice requirements as he provided Defendants "not only Title 59 Notice within the prescribed period but also with More Specific Answers to Tort Claims Notice which[sic] Answers that were requested and sent to Willie Parker, Esq., Corporation Counsel for the City of Newark in June 2015." Pl. Opp. at 5 (capitalization in original).

---

[6] The Court notes that Plaintiff oddly lists what each Count asserts in the middle of page 5 of his opposition brief. Pl. Opp. at 5.

13

A party that asserts a tort claim seeking damages from a public entity or public employee must comply with the TCA, which "establishes the procedures by which [such] claims may be brought." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 146 (2013) (quoting *Beauchamp v. Amedio*, 164 N.J. 111, 116 (2000)). One such procedure "is the requirement that a timely pre-suit notification about the existence of the claim and its particulars be provided to the defendants." *Id.* N.J.S.A. 59:8-8 requires that within ninety days of the claim's accrual, an individual must file a "notice of claim" with the entity involved in the alleged wrongful act or the state Attorney General. If not, "[t]he claimant shall be forever barred from recovering against a public entity or public employee if . . . [t]he claimant failed to file with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S.A. 59:8-9." N.J.S.A. 59:8-8.

N.J.S.A. 59:8-9 provides that within one year of a claim's accrual, a judge may allow a claimant to file a late notice of claim if doing so would not cause substantial prejudice to the defendant and if the untimeliness was due to "extraordinary circumstances." N.J.S.A. 59:8-9. However, after two years have elapsed from the accrual of the claim, a plaintiff is "forever barred" from recovering against the public entity or employee. N.J.S.A. 59:8-8(b). These timing requirements are strictly construed, and a plaintiff who fails to comply is barred from recovering on his claims. *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016). Moreover, "[f]ailure to file a notice of claim is a ground for dismissal at the motion to dismiss stage." *Id.* (citing *William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. App. Div. Oct. 24, 2014)).

Here, the parties dispute whether Plaintiff provided notice as required by the TCA. At the latest, Plaintiff's claims accrued in April 2015 when he was released from Essex County Correctional Facility. In his Complaint, Plaintiff neither alleges nor provides any proof that he

filed a notice of claim with any Defendant within ninety days of his release, or anytime thereafter. A Complaint that does not allege compliance with the notice requirements fails to state a claim under the TCA. *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 400 (D.N.J. 2012). While Plaintiff alleges compliance with the notice requirements in his opposition brief, Plaintiff cannot amend his complaint through his brief. *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 120 (D.N.J. 2017) (holding that it is "'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss'") (quoting *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). The court will therefore dismiss Counts Three and Five through Seven without prejudice. However, Plaintiff will be permitted to file an amended complaint and the parties will be able to fully brief the issue of TCA notice at that time.[7]

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (D.E. 3) is GRANTED. Claims against the Newark Police Department are dismissed with prejudice. All other claims against the City of Newark are dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint, if he so chooses, consistent with this Opinion. If Plaintiff does not do so, this case will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 29, 2018

John Michael Vazquez, U.S.D.J.

---

[7] Because the Court is dismissing Counts Three and Five through Seven for failure to plead compliance with the requisite notice requirements, it does not reach Defendants' arguments concerning Newark's immunity.

15